[Crim. No. 306.   Department Two.—December 20, 1897.]

## THE PEOPLE, Respondent, v. JAMES WILSON, Appellant.

CRIMINAL LAW—ASSAULT WITH INTENT TO COMMIT CRIME AGAINST NATURE—SUFFICIENCY OF EVIDENCE—QUESTIONS FOR JURY.—Upon the trial of a defendant accused of an assault with intent to commit the infamous crime against nature, where there is evidence tending to show that defendant, after having unsuccessfully solicited consent to the act by the person upon whom the alleged assault was made, grabbed him and tried to roll him over; that he resisted and made some noise, and the defendant then desisted, and said he would not make him do it if he didn't want to, it is a question of fact for the jury whether the force testified to was used, and also what was the intent with which it was done, and the evidence was sufficient, if believed by the jury, to justify the conclusion that whatever force was used was with the intent and purpose to commit the crime alleged; and if any appreciable force was used with that intent, and the defendant desisted through fear of detection from any cause, the intended act being felonious and against the will of the prosecuting witness, it was an assault within the meaning of the Penal Code defining an assault, and defining the crime for which the defendant was prosecuted.

ID.—FEAR NOT ESSENTIAL TO ASSAULT—FEELINGS AND MOTIVES OF PROSECUTING WITNESS—SUPPORT OF VERDICT—RECOMMENDATION TO MERCY.—It was not essential to the offense charged that the assault should have put the person assaulted in fear, and the questions whether his feelings were not sensitive and were not greatly outraged, and whether the fact that no bodily injury was inflicted may suggest the possibility of some improper motive for the prosecution on his part, are questions for the jury; and it is sufficient to support a verdict of guilty of the offense charged, with a recommendation of the defendant to the extreme mercy of the court, that there was legal evidence upon which the verdict could be sustained, and that the recommendation made by the jury negatives the idea of passion or prejudice on their part.

APPEAL from a judgment of the Superior Court of Merced County and from an order denying a new trial.   J. K. Law, Judge.

The facts are stated in the opinion.

George L. Crocker, and J. F. McSwain, for Appellant.

W. F. Fitzgerald, Attorney General, and Charles H. Jackson, Deputy Attorney General, for Respondent.

HAYNES, C.—Appellant was convicted of an assault upon one George Ryan with intent to commit the infamous crime against nature, and was sentenced to imprisonment in the state prison at Folsom for the term of five years. Defendant in due time moved for a new trial, his motion was denied, and hence this appeal.

The only point made for reversal is that the evidence is insufficient to justify the verdict.

Only two witnesses were examined, namely, the prosecuting witness and the defendant. Both were at the time of the alleged offense inmates of the county jail of the county of Merced and occupied the same cell and the same bed. The prosecuting witness, in substance, testified that the defendant solicited his consent to the act, which was refused; that defendant said: "I won't make you do it; I never make any boy do it if he don't want to"; that the next night he again refused the solicitations of defendant, whereupon the defendant "grabbed hold" of him and tried to roll him over, that he resisted and made some noise, and the defendant desisted; that defendant did nothing after that. Upon cross-examination he repeated the statement of the act constituting the assault, and added: "He was trying to force me that night—he tried to force me by coaxing and everything. Q. That was all—just coaxed you—just asked you? A. Yes; I said no, and he said he would not make me do it if I didn't want to do it."

Defendant testified that he "did not attempt to commit" said crime on the prosecuting witness. He did not say whether he made the solicitations testified to by Ryan, nor whether he took hold of him and attempted to roll him over. The jury found him guilty and recommended him "to the extreme mercy of the court."

It is contended that there was no assault within the meaning of section 240 of the Penal Code, and that the evidence is insufficient to show that the physical act, alleged to constitute the assault, was committed with the intent charged in the information.

Whether appellant "grabbed hold" of the prosecuting witness, and attempted to turn him over was a question of fact for the jury to determine, as was also the question as to the intent with which it was done. The instructions given by the court to the

CXIX. CAL.—25

jury are not brought up in the record, and we must therefore assume that under proper instructions the jury found both of those facts against the defendant, for without such finding, the jury being properly instructed, the conclusion of guilt could not be reached.

The mere solicitation to commit the act is not made an offense under our code, but the solicitations preceding the alleged assault, together with the preparations made by the defendant for the ultimate act, together with the fact testified to by the prosecuting witness that in resisting he made some noise, whereupon the defendant desisted and told him to say nothing about it, if believed by the jury, was sufficient to justify the conclusion that whatever force was used was with the intent and purpose to commit the crime; and if any appreciable force was used with that intent, and the defendant desisted from fear of detection, whether that fear arose from the noise made by Ryan in resisting, or from a conviction induced by the resistance that if he persisted his offense would be made known, the intended act being felonious and against the will of Ryan, it was an assault within the meaning of section 240 of the Penal Code, defining an assault, and of section 220, under which the defendant was prosecuted.

It is urged that Ryan's conduct in going to sleep, in the same bed with defendant, and remaining there until morning, is inconsistent with his story of the alleged assault, and so improbable that it is insufficient to justify any reasonable man, unmoved by passion or prejudice, in rendering a verdict of guilty. But the fact that Ryan was not so frightened as to prevent sleep is not conclusive evidence that the assault was not committed, nor indeed was it inconsistent with the fact of the assault. It was not essential to the offense charged that the assault should have put Ryan in fear. If A should met B in a secluded place and demand his money, and the demand not being complied with, should assault him, the fact that B stood his ground, and A thereupon desisted, the circumstance that B was not in fact put in fear would hardly be relied upon as evidence that A did not make an assault with intent to rob. It may show that Ryan was neither refined nor sensitive, that his feelings were not greatly outraged, and as no bodily injury was inflicted, it may suggest

the possibility of some improper motive on his part for the prosecution; but all these questions were for the jury. There was legal evidence upon which the verdict of guilty could be based and sustained. To justify this court in interfering, we must be able to say that there was no evidence upon which the verdict could be properly based, or that it was of such a character as to justify us in saying that a reasonable mind uninfluenced by passion or prejudice could not reach the conclusion of guilt. The verdict in this case by its recommendation "to the extreme mercy of the court," whatever may have induced it, clearly negatives the idea of passion or prejudice on the part of the jury. If we may speculate as to the reasons for this recommendation, we might conclude that the jury felt they must, under the evidence, render a verdict of guilty, but as the force was slight and not persistent, and Ryan not peculiarly sensitive, that a less aggravated case was not likely to occur, and that it should therefore receive the lightest sentence permitted by the law.

We cannot say that the court abused its discretion in refusing a new trial, and the judgment and order appealed from should therefore be affirmed.

Searls, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order denying a new trial are affirmed.

McFarland, J., Temple, J., Henshaw, J.